UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-CV-61463-SELTZER

JANET FRANCIS,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES AND FEE CLAIM
OPPOSED IN PART AND UNOPPOSED IN PART**

    This is a maritime case arising from a slip and fall that occurred on an MSC cruise. MSC filed an Answer and Affirmative Defenses that needs trimming. (DE 14.) MSC partially agrees.

**I.    THE AGREED ITEMS.**

    MSC asked for attorney's fees in its Answer. (DE 14, p. 11.) General Maritime law does not allow for attorney's fees in a case like this. *See Ins. Co. of N. Am. V. M/V Ocean Lynx*, 901 F.2d 934, 941 (11th Cir. 1990). MSC agrees with this part of the Motion. Therefore, Plaintiff asks for an order striking MSC's attorney's fee claim.

    MSC's twelfth defense seeks to apportion fault. (DE 14, p. 9.) General Maritime law follows the rule of joint and several liability. *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 164 (2003). MSC agrees to strike the second sentence of its twelfth defense stating:

> Accordingly, any recovery by Plaintiff against the MSC should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault."

(DE 14, p. 9.)
Therefore, Plaintiff asks for an order striking that sentence of the twelfth defense and will address the remainder of the defense below.

### II.  GENERAL MARITIME LAW DOES NOT ALLOW APPORTIONMENT OF FAULT.

MSC's tenth and twelfth defenses seeks to apportion fault to the wrongful acts of others. (DE 14, p. 9.)  General Maritime law does not allow a defendant to place a non-party on the verdict form or to argue the negligence of a non-party is responsible for a plaintiff's claim to a jury.  *Groff v. Chandris*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993).  Under General Maritime law, a plaintiff is entitled to a "judgment for the full amount from any and all joint tortfeasors under the doctrine of joint and several liability."  *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 n.7 (1979).  "[J]oint and several liability remains the rule in admiralty."  *Ayers*, 538 U.S. at 164.  MSC agrees to strike part of the twelfth defense as stated above.  That agreement evinces the infirmity of the entire twelfth defense and the tenth defense. Therefore, this Court should strike the tenth and twelfth defenses because General Maritime law does not allow apportionment of fault.

### III.  GENERAL MARITIME LAW DOES NOT ALLOW THE COLLATERAL SOURCE DEFENSE.

MSC's sixteenth defense seeks a set-off for collateral source payments to the Plaintiff. (DE 14, p. 10.)  General Maritime law prohibits a defendant from reducing its liability to an injured plaintiff because of payments made by third parties and collateral sources.  *Borque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980).  *Borque* binds this Court.  *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (stating decisions of the former Fifth Circuit issued before close of business on September 20, 1981 are binding precedent in the Eleventh Circuit).  A defendant in a maritime case does not get a set-off for health insurance payments.  *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304-07 (5th Cir. 2008). State set-off and collateral source statutes do not apply in maritime cases because they conflict with, and endanger the uniformity of, general maritime law.  *Barry v. Carnival Corp.*, No. 05-CV-22549-UNGARO, slip op. at 2-3 (S.D. Fla. June 17, 2010); *Stanley v. Bertram-Trojan, Inc.*, 868 F. Supp. 541, 542-44 (S.D.N.Y. 1994).  Therefore, Plaintiff asks for an order striking the sixteenth defense.

### IV.  THE ACT OF GOD DEFENSE IS LEGALLY INSUFFICIENT.

Plaintiff slipped and fell on a slippery wet substance on the deck of one of MSC's ships just a few feet away from some crew members.  (DE 1 ¶¶ 81-86.)  MSC's twentieth defense

claims an Act of God injured the Plaintiff. (DE 14 p. 10.) An Act of God implies "an entire exclusion of all human agency from causing the loss or damage." *Compania De Vapores Insco, S.A. v. Missouri Pac. R. Co.*, 232 F.2d 657, 659 (5th Cir. 1956). A party claiming the Act of God defense bears a heavy burden. *Boudoin v. J. Ray McDermott & Co.*, 281 F.2d 81, 88 (5th Cir. 1960). "The Act of God defense denies that the defendant's acts or omissions, even assuming they did not meet the standard of reasonable care under the circumstances, caused the accident." *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 596 (11th Cir. 2007). In other words, the event would have happen regardless if the Defendant would have taken all reasonable measures. *Id*. One-hundred mile per hour winds aren't an Act of God. *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 926 (11th Cir. 2001). And a slippery mess on the floor of MSC's ship certainly isn't one either. To the contrary, God would have parted the mess. Therefore, this Court should strike the twentieth defense.

## V.     CONCLUSION.

If the defenses discussed above are not stricken then the parties will spend time and money conducting discovery on them, and that discovery will undoubtedly result in this Court's time being spent resolving disputes about that discovery, and all of that will have been in vain because General Maritime law does not allow the defenses. Wherefore, Plaintiff asks for an order granting this Motion. I certify I made a good-faith attempt to resolve the issues in this Motion before filing it. *See* S.D. Fla. Local R. 7.1(a)(3).

                LAWLOR WHITE & MURPHEY, LLP
                **Counsel for Plaintiff**
                2211 Davie Blvd.
                Ft. Lauderdale, FL  33312
                954-525-2345
                954-730-8908 fax
                bmurphey@lwmlegal.com
                pleadings@lwmlegal.com

                By:  /s/ Ben Murphey, Esq. (25489)

My signature above certifies I served this document by CM/ECF on August 24th, 2018 to:

Jeffrey B. Maltzman, Esq.
Steve Holman, Esq.
Rafaela P. Castells, Esq.
MALTZMAN & PARTNERS, PA
**Counsel for Defendant**
55 Miracle Mile, Ste. 300
Coral Gables, FL  33134
305-779-5665
305-779-5664 fax
rafaelac@maltzmanpartners.com
jeffreym@maltzmanpartners.com
steveh@maltzmanpartners.com
maeganl@maltzmanpartners.com