IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:18-CV-61463-SELTZER

JANET FRANCIS,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES AND FEE CLAIM**

Defendant, MSC Cruises, S.A., (hereinafter "Defendant" or "MSC") hereby files its Response to Plaintiff's Motion to Strike Affirmative Defenses and Fee Claim and states as follows:

**I.   Introduction**

This matter involves a passenger who claims she suffered personal injury while on a cruise ship. On July 31, 2018, MSC answered the Complaint and asserted affirmative defenses. *See* DE 14. Plaintiff has moved to strike MSC's fee claim and MSC's Tenth, Twelfth, Sixteenth and Twentieth Affirmative Defenses. MSC is unopposed to portions of Plaintiff's Motion but is opposed to other portions. Plaintiff has failed to demonstrate how the contested affirmative defenses could not succeed under any set of circumstances, and has failed to show the prejudice and confusion necessary for a motion to strike. For these reasons and the reasons set forth herein, the opposed portion of Plaintiff's Motion to Strike should be denied.

**II.   Motions to Strike Are Disfavored**

It is well settled in this circuit that motions to strike affirmative defenses are generally

disfavored and will usually be denied. *See Kreiser v. Celebration Cruise Operator, Inc.*, 14-61832-CIV, 2014 WL 5820342, at *1 (S.D. Fla. 2014) ("[T]he Court is mindful that 'a motion to strike is a drastic remedy that is disfavored by the courts'") (quoting *Agan v. Katzman & Korr, P.A.,* 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004)); *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1532 (S.D. Fla. 1993) (noting that motions to strike are often sought "simply as a dilatory tactic"); *Brown v. Seebach*, 763 F. Supp. 574, 583 (S.D. Fla. 1991) (same); *see also Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.,* 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC,* 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation,* 89 F .Supp.2d 1326 (S.D. Fla. 1999). A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574 (M.D. Fla. 1995); *Italiano v. Jones Chems., Inc.,* 908 F. Supp. 904, 907 (M.D. Fla. 1995) (such motions are not favored by courts and are generally denied).

### III. Analysis of MSC's affirmative defenses

#### A. Fee Claim

Plaintiff's request to strike the fee claim is unopposed as MSC agrees to remove the words "attorney's fees" from the last sentence of its Answer and Affirmative Defenses (i.e. the wherefore clause). *See* DE 14, at p. 7. MSC requests the Court accept the agreement reached among the parties and strike the words "attorney's fees" from the wherefore clause.

#### B. Tenth and Twelfth Affirmative Defenses

MSC agrees to modify its Twelfth Affirmative Defense but does not agree to strike or modify its Tenth Affirmative Defense. The Tenth and Twelfth Affirmative Defenses state:

> <u>No. 10</u>: The alleged injuries or damages suffered by Plaintiff, the existence of which MSC specifically denies, were caused entirely by the actions and/or omissions of third parties for whom MSC has no responsibility or liability.
>
> <u>No. 12</u>: MSC has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint, the existence of which MSC specifically denies; however, in the event that the MSC is held liable, any liability being specifically denied by the MSC, such liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by Plaintiff against the MSC should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

*See* DE 14, at p. 9. Although, joint and several liability applies in maritime cases, MSC is entitled to assert that Plaintiff's damages, if any, were caused by a third party. The jury is entitled to hear about all the facts of the case at trial regardless of who fulfills a judgment, if any. Therefore, MSC requests the Court strike the second sentence of the Twelfth Affirmative Defense without striking or altering the Tenth Affirmative Defense. The new Twelfth Affirmative Defense reads as follows:

> <u>No. 12</u>: MSC has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint, the existence of which MSC specifically denies; however, in the event that the MSC is held liable, any liability being specifically denied by the MSC, such liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of others.

**C.     Sixteenth Affirmative Defense**

Plaintiff's current attorney has previously been denied the request to strike an affirmative defense asserting a cruise line defendant is entitled to a set off for collateral source payments. *See Kreiser v. Celebration Cruise Operator, Inc.*, 14-61832-CIV, 2014 WL 5820342, at *1 (S.D. Fla. 2014). MSC's Sixteenth Affirmative Defense similarly states:

> <u>No. 16</u>: To the extent applicable, any award of damages to Plaintiff should be reduced by any collateral source payments paid to and/or received by Plaintiff.

DE 14, at p. 10. The Court held that "such a drastic remedy at this stage of the above- styled

cause is premature..." *Id.* at *1. Here, the request is also premature.

Besides *Kreiser*, the collateral source issue has been dealt with at a much later stage in litigation by courts ruling on motions in *limine*.[1] *See Smith v. Royal Caribbean Cruises, Ltd.*, 2014 WL 5312534, at *3 (S.D. Fla. 2014) (granting "Defendant's Motion in *Limine* to limit the introduction of medical expenses, as evidence of damages, to the amount that plaintiff actually paid and exclude any reference to any other amounts billed or paid by collateral sources"); *Frauenthal v. Oceania Cruises, Inc.*, 2016 WL 2962897, at *1 (S.D. Fla. 2016) (denying plaintiff's motion in *limine* seeking to preclude defendants "from introducing evidence regarding: 1) payments made by collateral sources for her medical care, and 2) any reductions of her medical bills which were a result of group medical insurance contracts"); *Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 8695361, at *7-8 (S.D. Fla. 2013) ("[S]o as to avoid a windfall to Plaintiff, the Court notes that if Plaintiff prevails at trial, he is only entitled to collect the amount of medical expenses actually billed for his injuries. The Court finds that Plaintiff may admit the gross amount of his medical bills at trial..., which will be subject to an appropriate post-trial set-off (in the event that damages are awarded)").

Here, the drastic remedy of striking pleadings is premature and unwarranted. Plaintiff is suing for monetary damages, which include reimbursement of medical expenses. To the extent Medicare, Medicaid and/or insurance covered her medical expenses, any recovery should be reduced by the collateral source payment(s). Plaintiff is not entitled to recover twice. *See Jones v.*

---

[1] Plaintiff fails to cite to any legal authority to support the proposition that striking a collateral source affirmative defense is appropriate. None of the cases cited by Plaintiff involve a court striking a collateral source affirmative defense. *See Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351 (5th Cir. 1980) (discussing on a post-trial appeal); *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296 (5th Cir. 2008) (discussing on a post-trial appeal); *Stanley v. Bertram- Trojan, Inc.*, 868 F. Supp. 541 (S.D.N.Y. 1994) (discussing applications made by the parties as to the judgment after the jury returned a verdict); *Barry v. Carnival Corp.*, No. 05-22549-CIV- UNGARO, (S.D. Fla. Jun. 16, 2010) (discussing a motion in *limine*).

*Royal Caribbean Cruises, Ltd.*, 2013 WL 8695361, at *7-8 (S.D. Fla. 2013) ("As a threshold matter, it is undisputed that Plaintiff is not entitled to a 'windfall' as a result of presenting evidence of the full amount of his medical bills and having paid a lesser amount.") Moreover, Plaintiff has failed to demonstrate how the affirmative defense could not succeed under any set of circumstances, and has failed to show prejudice and confusion.[2]

    **D.    Twentieth Affirmative Defense**

MSC's *force majeure* and Act of God affirmative defense is valid in this case. The Twentieth Affirmative Defense states:

> No. 20: The incident alleged in the Complaint was caused by a *force majeure* and/or Act of God. *Force Majeure's* and/or Acts of God are beyond Defendant's control and therefore Defendant is not liable for any loss or injury arising from a *force majeure* and/or Act of God.

Here, the issue of whether there was a *force majeure* or Act of God that caused the incident is an issue of fact, which cannot be decided on a motion to strike. *See e.g. Lopez v. Resort Airlines*, 18 F.R.D. 37, 40 (S.D.N.Y. 1955) ("Whether an act of God actually caused the accident presents an issue of fact which cannot, of course, be decided on a motion to strike"); *Fox v. Trans World Airlines, Inc.*, 20 F.R.D. 565, 568 (E.D. Pa. 1957) ("Defendant's pleading of

---

[2] Plaintiff failed to allege sufficient prejudice to warrant such a drastic remedy. MSC is entitled to conduct discovery on collateral source payments because, for instance, monetary amounts Plaintiff actually paid for her medical care in connection with the alleged incident is relevant:

> With respect to evidence of reductions to medical bills, the reasonable and customary cost of care for the medical services received by Plaintiff are the amounts which were actually paid by her or by a collateral source on her behalf, and evidence relating to other amounts which were written off are not relevant to this action. As such, if Plaintiff introduces evidence of medical bills which include amounts that were not actually paid by Plaintiff or by a collateral source, Defendant cannot be precluded from introducing evidence of reductions.

*See Frauenthal*, 2016 WL 2962897, at *1. Therefore, Plaintiff's argument as to prejudice is hollow.

an Act of God as having caused the crash presents an issue of fact which cannot be decided at this time"). A force of nature, such as the weather, is the primary example of the type of Act of God or *force majeure* that applies in the instant case. Plaintiff's allegations of a wet substance on the deck could certainly been caused by such an Act of God or *force majeure* as rain or humidity. *Welch v. FFE Transp. Services, Inc.*, 2015 WL 3795917, at *3 (E.D. Tenn. June 18, 2015) ("Here, if the Court were to grant plaintiff's motion to strike the "Act of God" defense, it would ultimately be finding that the weather conditions present at the time of the accident had absolutely no bearing on the cause of the accident. The Court finds that this issue is for the trier of facts, and therefore **DENIES** plaintiff's motion to strike the "Act of God" defense"). Therefore, the Court should deny Plaintiff's request.

**IV.    Conclusion**

Plaintiff's Motion to Strike is premature and unwarranted. For the reasons set forth herein, the contested portions of Plaintiff's Motion to Strike should be denied.

If, however, the Court decides to strike any of the defenses, MSC respectfully requests it be allowed to amend the affirmative defense(s).

Dated:  September 7, 2018
        Miami, Florida

                                              Respectfully submitted,

                                              MALTZMAN & PARTNERS, P.A.

                    By:           /s/  *Rafaela P. Castells*
                                        Jeffrey B. Maltzman, Esq.
                                        Florida Bar No. 48860
                                        jeffreym@maltzmanpartners.com
                                        Steve Holman, Esq.
                                        Florida Bar No. 547840
                                        steveh@maltzmanpartners.com
                                        Rafaela P. Castells, Esq.
                                        Florida Bar No. 98468
                                        rafaelac@maltzmanpartners.com

6

55 Miracle Mile, Suite 300  
Coral Gables, FL  33134  
Tel: 305-779-5665  
 Fax: 305-779-5664  
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 7th day of September 2018.  I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ *Steve Holman*  
Rafaela P. Castells, Esq.  
Florida Bar No. 98468

**SERVICE LIST**
**CASE NO.: 18-CV-61463**

| | |
|---|---|
| Ben Murphey, Esq.<br>bmurphey@lwmlegal.com<br>beller@lwmlegal.com<br>LAWLOR WHITE & MURPHEY, LLP<br>2211 Davie Blvd.<br>Ft. Lauderdale, FL 3312<br>Phone: 954-525-2345<br>Fax: 954-730-8908<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Rafaela P. Castells, Esq.<br>rafaelac@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 320<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |