UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61463-CIV-SELTZER

CONSENT CASE

JANET FRANCIS,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND FEE CLAIM (DE 20)

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses and Strike Fee Claim ("Motion") (DE 20). Defendant has filed a Response (DE 22) to the Motion, and Plaintiff has filed a Reply (DE 23) thereto. The Motion, therefore, is ripe for decision.

I.    AGREED ITEMS

The Court has reviewed the respective memoranda and notes that the parties have agreed to the following:

    A.    Defendant agrees that the words "attorneys fees" be stricken from the last sentence of its Answer and Affirmative Defenses (i.e., the wherefore clause). Accordingly, the Motion to Strike as it concerns the fee claim is granted.

    B.    Plaintiff now accepts the Tenth Defense, as Defendant has acknowledged that joint and several liability applies to this case. Accordingly, the Motion to Strike as it concerns the Tenth Affirmative Defense is denied.

    C.    Plaintiff now accepts the Twelfth Defense to the extent Defendant has agreed that the second sentence of the defense be stricken. Accordingly, the Motion to Strike as it concerns the Twelfth Defense is granted in part and denied in part and the second sentence of the Twelfth Defense shall be stricken.

## II. DISPUTED ITEMS

The parties dispute the legal viability of the Sixteenth Defense and the Twentieth Defense.

    A.    Defendant's Sixteenth Defense seeks a set-off for collateral source payments to Plaintiff. General maritime law, however, does not allow a defendant to raise the collateral source defense. See Najmyar v. Carnival Corporation, 2017 WL 7796327, at *3 (S.D. Fla. 2017) (noting that the collateral source rule prohibits a tortfeasor from reducing its liability by any amount the plaintiff has received from other sources); Hillenburg v. Carnival Corporation, 2016 WL 5922756, at *1 (S.D. Fla. Sept. 20, 2016) ("In personal injury cases, general maritime law recognizes the collateral-source rule, which prohibits a defendant-tortfeasor from reducing its liability by the amount of recovery a plaintiff receives from third parties and sources collateral to the defendant-tortfeasor.") (citing Bourque v. Diamond M. Drilling Co., 623 F.2d 351, 354 (5th Cir. 1980). Accordingly, the Motion to Strike the Sixteenth Defense is granted.

    B.    Defendant's Twentieth Defense asserts that "[t]he incident alleged in the Complaint was caused by a *force majeure* and/or Act of God" (DE 14 at 10).

>The Eleventh Circuit has stated that "[t]he act of God principle applies only to events in nature so extraordinary that the history of climatic variations and other conditions in the particular locality affords no reasonable warning of them." Warrior & Gulf Navigation Co. v. United States, 864 F.2d 1550, 1553 (11th Cir. 1989) (citations and internal quotations omitted).  Plaintiff has argued that "[a] party claiming the Act of God defense bears a heavy burden." Motion at 3 (DE 20) (citing Boudoin v, J Ray McDermott & Co., 281 F.2d 81, 88 (5th Cir. 1960)).  The weight of the burden, however,  is not cause to deny Defendant the opportunity to sustain that burden. Furthermore, the issue of whether there was a *force majeure* or Act of God that caused the incident is an issue of fact, which cannot be decided on a motion to strike. See e.g., Fox v. Trans World Airlines, Inc., 20 F.R.D. 565, 568 (E.D. Pa. 1957) ("Defendant's pleading of an Act of God as having caused the crash presents an issue of fact which cannot be decided at this time"); Lopez v. Resort Airlines, 18 F.R.D. 37, 40 (S.D.N.Y. 1955) ("Whether an act of God actually caused the accident presents an issue of fact which cannot, of course, be decided on a motion to strike").  Accordingly, the Motion to Strike the Twentieth Defense is denied.

III.   CONCLUSION

It is ORDERED and ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses and Strike Fee Claim (DE 20) is GRANTED in PART and DENIED in PART as set forth above, and

>It is further ORDERED AND ADJUDGED that the Defendant shall file an Amended

Answer and Affirmative Defenses in conformity with this ORDER within 10 days.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida this 26th day of September 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished to counsel via CM/ECF