UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-CV-61463-SELTZER

CONSENT CASE

JANET FRANCIS,

       Plaintiff,

v.

MSC CRUISES, S.A.,

       Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The Plaintiff sued the Defendant for damages caused by a slip and fall during a cruise on the Defendant's ship.  The Plaintiff sent the Defendant a First Request for Production asking for information and things that are designed to lead to the discovery of admissible evidence.  The Defendant objected to many of the requests and the Plaintiff asks this Court to compel production of the items discussed below.

The Federal Rules of Civil Procedure strongly favor full discovery when possible. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  Rule 26 defines the scope of discovery as including any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b).  In ruling on discovery disputes, courts must employ a liberal and broad scope in keeping with the spirit and purpose of the discovery rules. *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010).

## Request No. 6

Item to be compelled:  All photos of the area where the Plaintiff claims she slipped and fell.  Plaintiff asks them to be produced in the same digital format as they were taken.

Specific objection:  attorney-client and work-product privileges.

Grounds for objection:  attorney-client and work-product privileges.

Reasons for compelling:  The Plaintiff has no photos of the area where she fell.  The Defendant claims it took one photo of the area after the Plaintiff fell.  The photo is at best fact work product.  Because the Plaintiff has no way to recreate the scene after she fell, she is entitled to the photo and to have it produced in the digital format in which it was taken.  *E.g., Betterman v. MSC Cruise (USA) Inc*., 2013 WL 12125699, at *2 (S.D. Fla. Nov. 20, 2013).  Defense counsel produced a low-quality black and white photocopy of the photo.  A digital file would be much more helpful than the copy produced.  Defense counsel stated she was waiting for confirmation from MSC as to whether they had a digital file or color print and that she would produce what's available.  Therefore, this Court should compel production of the digital image file if it exists and it not then a quality color copy if it exists.

**Request No. 33**

Item to be compelled:  A copy of the application and all supporting documents submitted as part of each OHSAS 18001 certification received by the Defendant.

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  Defendant claims the OHSAS certification concerns safe working environment and therefore is not relevant to this case.

Reasons for compelling:  MSC touts that it is OHSAS 18001 certified.  The OHSAS certification is similar to the ISO 9001 concept of continual improvement.  The area where the Plaintiff slipped and fell is an area where the ship's crew walks and works.  Indeed, multiple maids were in the area when she fell.  The Plaintiff's Complaint details MSC's long history of failing to improve and respond to past injuries on its ships.  (DE 1 ¶¶ 25-80.)  The Plaintiff claims that the various certifications held by MSC evince that it knows about slipping hazards and the importance of improving ship safety over time.  (DE 1 ¶¶ 11-28.)  The Plaintiff claims MSC failed to respond properly and improve ship safety in response to the prior slip and falls on its ships.  (DE 1 ¶¶ 92c, 92j.)  The request is reasonably calculated to lead to discovery of admissible evidence because the requested items should show the true extent of MSC's knowledge of the importance of walking surface safety and what is reasonable conduct in that regard.  Other courts have allowed discovery on industry certifications like the one requested here.  *E.g., Kohler Co. v. Watts Water Tech., Inc*., No. 2:06-cv-00143-AG-VBK, Minutes Order at 4 (C.D. Cal. Oct. 15, 2017).

**Request No. 34**

Item to be compelled:  A copy of the application and all supporting documents submitted as part of each ISO 9001 certification received by the Defendant.

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  Defendant claims the ISO 9001 certification has no bearing on passenger slip and fall claims.

Reasons for compelling:  MSC touts that it is ISO 9001 certified.  The ISO 9001 certification concerns an entity's quality management system (QMS) and the entity's commitment to continual improvement over time, customer service, and learning from mistakes and improving safety.  ISO 9001 certified businesses must determine analyze their operations and determine how to continually improve operations for the benefit of customers and the public.  Businesses using an ISO 9001 QMS must assess their operations and identify, define, and address areas needing improvement.  ISO 9001 businesses put the customer first and ensure the customer's needs are being met.  ISO 9001 businesses identify and address the risks associated with their operations. ISO 9001 businesses focus on risk-based thinking.  The identification and correction of risks associated with the business is a key aspect of ISO 9001 certification.  The Plaintiff's Complaint details MSC's long history of failing to improve and respond to past injuries on its ships.  (DE 1 ¶¶ 25-80.)  The Plaintiff claims that the various certifications held by MSC evince that it knows about slipping hazards and the importance of improving ship safety over time.  (DE 1 ¶¶ 11-28.) The Plaintiff claims MSC failed to respond properly and improve ship safety in response to the prior slip and falls on its ships.  (DE 1 ¶¶ 92c, 92j.)  The request is reasonably calculated to lead to discovery of admissible evidence because the requested items should show the true extent of MSC's knowledge of the importance of walking surface safety, risk assessment, customer service, continued improvement, and what is reasonable conduct in that regard.  Other courts have allowed discovery on industry certifications like the one requested here. *E.g., Kohler Co. v. Watts Water Tech., Inc*., No. 2:06-cv-00143-AG-VBK, Minutes Order at 4 (C.D. Cal. Oct. 15, 2017).

**Request No. 39**

Item to be compelled:  The Table of Contents for Defendant's entire SMS that was in effect on the date of the incident.  The SMS is MSC's Safety Management System or Ship Management System.

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims that producing the Table of Contents for the SMS is unwarranted because it covers many topics that might not apply to this case and because MSC has produced the portions of the SMS applicable to passenger slip and falls.

Reasons for compelling:  MSC's SMS instructs its crews on how to do their jobs.  It gives proactive instruction and responsive instruction on topics like floor and passenger safety and MSC is required to have an SMS.  *See, e.g.*, 33 C.F.R. §§ 96.210-.250.  MSC claims it has produced the portions of the SMS that apply to passenger slip and falls.  The Table of Contents of the SMS should allow Plaintiff to determine if MSC produced all of the relevant portions of the SMS.  Therefore, the request is reasonably calculate to lead to the discovery of admissible evidence.  Other courts have required production of the Table of Contents for SMS.  *E.g., Weech v. Royal Caribbean Cruises, Ltd.*, No. 10-CV-22752-JORDAN/O'SULLIVAN (S.D. Fla. June 14, 2011).

**Request No. 40**

Item to be compelled:  The Index for Defendant's entire SMS that was in effect on the date of the incident.  The SMS is MSC's Safety Management System or Ship Management System.

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims that producing the Index of the SMS is unwarranted because it covers many topics that might not apply to this case and because MSC has produced the portions of the SMS applicable to passenger slip and falls.

Reasons for compelling:  MSC's SMS instructs its crews on how to do their jobs.  It gives proactive instruction and responsive instruction on topics like floor and passenger safety and MSC is required to have an SMS.  *See, e.g.*, 33 C.F.R. §§ 96.210-.250.  MSC claims it has produced the portions of the SMS that apply to passenger slip and falls.  The Index of the SMS should allow Plaintiff to determine if MSC produced all of the relevant portions of the SMS.  Therefore, the request is reasonably calculate to lead to the discovery of admissible evidence.  Other courts have required production of the SMS Index.  *Weech v. Royal Caribbean Cruises, Ltd.*, No. 10-22752-CV-JORDAN/O'SULLIVAN (S.D. Fla. June 14, 2011); *Girau v. Americas Marine Mgmt.*, No. 10-13811-CA-02 (Fla. Cir. Ct. June 21, 2011)

**Request No. 45-72 and 77**

Item to be compelled:  Items 45-72 and 77 requested specific passenger injury statements going back to about 2009.  Counsel spoke and the undersigned offered to narrow the request to passenger injury statements for the five years preceding the Plaintiff's fall on July 10, 2017 and

limited to tile floors (the Plaintiff slipped and fell on tile flooring) and involving liquids or food (the Plaintiff slipped in wet food).  Defense Counsel offered to produce three years of passenger injury statements for interior hallways involving food.

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims the originally requested reports involve different claims that are dissimilar to Plaintiff's slip and fall.  MSC still objects to the proposed narrowed request as too broad.

Reasons for compelling:  The narrowed offer is reasonably tailored to discover other falls that are similar to the Plaintiff's.  The defense asked the Plaintiff for at least ten years of prior health information and journal entries for three years prior to the incident, so the Plaintiff's request for five years of information from MSC is more than reasonable.  Prior incidents are relevant to the issue of the Defendant's notice of the dangerous condition.  *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1998); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).  Therefore, this Court should compel production of this item.

**Request No. 74**

Item to be compelled:  For the years 2004-2018, all housekeeping bulletins issued by Defendant that discuss slipping hazards on its ships.  Counsel spoke and the undersigned offered to narrow the request to housekeeping bulletins discussing slipping hazards on MSC's ships for the five years preceding the Plaintiff's fall on July 10, 2017.  Defense counsel rejected the narrowing and stood by her objection and responded that for the one year preceding the Plaintiff's fall, and for only the *Divina*, the ship on which Plaintiff fell, the answer was, "None."

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims the request is fleet-wide and therefore too broad and disproportional to this case.

Reasons for compelling:  The narrowed offer is reasonably tailored to discover evidence that MSC knew slip and falls are a regular occurrence on its ships.  The defense asked the Plaintiff for at least ten years of prior health information and journal entries for three years prior to the incident, so the Plaintiff's request for five years of information from MSC is more than reasonable.  Prior incidents are relevant to the issue of the Defendant's notice of the dangerous condition.  *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017); *Jones v. Otis*

*Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1998); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).  Therefore, this Court should compel production of this item.

**Request No. 75**

Item to be compelled:  For the years 2004-2018, all of Defendant's ship safety meeting agendas that discuss slipping hazards on its ships.  Counsel spoke and the undersigned offered to narrow the request to the five years preceding the Plaintiff's fall on July 10, 2017.  Defense counsel rejected the narrowing and stood by her objection and responded that for the one year preceding the Plaintiff's fall, and for only the *Divina*, the ship on which Plaintiff fell, the answer was, "None."

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims the request is fleet-wide and therefore too broad and disproportional to this case.

Reasons for compelling:  The narrowed offer is reasonably tailored to discover evidence that MSC knew slip and falls are a regular occurrence on its ships.  The defense asked the Plaintiff for at least ten years of prior health information and journal entries for three years prior to the incident, so the Plaintiff's request for five years of information from MSC is more than reasonable. Prior incidents are relevant to the issue of the Defendant's notice of the dangerous condition. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1998); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).  Therefore, this Court should compel production of this item.

**Request No. 76**

Item to be compelled:  For the years 2004-2018, all of Defendant's ship safety meeting minutes that discuss slipping hazards on its ships.  Counsel spoke and the undersigned offered to narrow the request to the five years preceding the Plaintiff's fall on July 10, 2017.  Defense counsel rejected the narrowing and stood by her objection and responded that for the one year preceding the Plaintiff's fall, and for only the *Divina*, the ship on which Plaintiff fell, the answer was, "None."

Specific objection:  Overbroad, irrelevant, and disproportionate request.

Grounds for objection:  MSC claims the request is fleet-wide and therefore too broad and disproportional to this case.

Reasons for compelling:  The narrowed offer is reasonably tailored to discover evidence

that MSC knew slip and falls are a regular occurrence on its ships. The defense asked the Plaintiff for at least ten years of prior health information and journal entries for three years prior to the incident, so the Plaintiff's request for five years of information from MSC is more than reasonable. Prior incidents are relevant to the issue of the Defendant's notice of the dangerous condition. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1998); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Therefore, this Court should compel production of this item.

**Request No. 81**

Item to be compelled: For the years 2004-2018, all passenger complaints related to slip and falls. We don't want lawsuits. We want complaints made to the Defendant about slip and falls. You know, like when a passenger sends an email complaining about something, or they call and complain and a record is made of the call. These are some non-exclusive examples of what we mean by complaint. Counsel spoke and the undersigned offered to narrow the request to passenger injury statements for the five years preceding the Plaintiff's fall on July 10, 2017 and limited to tile floors (the Plaintiff slipped and fell on tile flooring) and involving liquids or food (the Plaintiff slipped in wet food). Defense Counsel offered to produce three years of passenger injury statements for interior hallways involving food.

Specific objection: overbroad, irrelevant, and disproportionate request.

Grounds for objection: MSC claims the request is fleet-wide and therefore too broad and disproportional to this case.

Reasons for compelling: The narrowed offer is reasonably tailored to discover other falls that are similar to the Plaintiff's. The defense asked the Plaintiff for at least ten years of prior health information and journal entries for three years prior to the incident, so the Plaintiff's request for five years of information from MSC is more than reasonable. Prior incidents are relevant to the issue of the Defendant's notice of the dangerous condition. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1998); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Therefore, this Court should compel production of this item.

Plaintiff needs--and the law entitles her to discover--the information and items requested above.  The requests above are designed to lead to the discovery of admissible evidence.  Wherefore, the Plaintiff asks for an order granting this Motion.  I made a good-faith attempt to resolve the issues in this Motion before filing it.  *See* S.D. Fla. Local R. 7.1(a)(3).

> LAWLOR WHITE & MURPHEY, LLP
> **Counsel for Plaintiff**
> 2211 Davie Blvd.
> Ft. Lauderdale, FL  33312
> 954-525-2345
> 954-730-8908 fax
> bmurphey@lwmlegal.com
> pleadings@lwmlegal.com
>
> By:  /s/ Ben Murphey, Esq. (25489)

My signature above certifies I served this document by CM/ECF on February 14, 2019 to:

Jeffrey B. Maltzman, Esq.
Steve Holman, Esq.
Rafaela P. Castells, Esq.
MALTZMAN & PARTNERS, PA
**Counsel for Defendant**
55 Miracle Mile, Ste. 300
Coral Gables, FL  33134
305-779-5665
305-779-5664 fax
rafaelac@maltzmanpartners.com
jeffreym@maltzmanpartners.com
steveh@maltzmanpartners.com
maeganl@maltzmanpartners.com