UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61463-CIV-BSS

JANET FRANCIS,

     Plaintiff,

v.

MSC CRUISES, S.A.,

     Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR COSTS AND ATTACHED BILL OF COSTS

**THIS CAUSE** is before the Court on Defendant MSC Cruises, S.A.'s Motion for Costs and Attached Bill of Costs (DE 69) ("Motion for Costs"). This case was referred to the undersigned to conduct all proceedings and order the entry of judgment pursuant to 28 U.S.C. § 636(c) (DE 19), after the parties filed a Consent to Jurisdiction by U.S. Magistrate Judge (DE 17). The Court has considered the Motion for Costs (DE 69), the Response (DE 70), the Reply (DE 71), and is otherwise duly advised. For the reasons set forth below, it is **ORDERED** that the Motion for Costs and Attached Bill of Costs (DE 69) be **GRANTED IN PART and DENIED IN PART.**

### I.    BACKGROUND

On July 29, 2018, Plaintiff Janet Francis ("Plaintiff") filed a lawsuit seeking damages for an alleged slip and fall while aboard the cruise ship MCS Divina (DE 1). Defendant filed a Motion for Summary Judgment (DE 43), and Plaintiff filed a Motion for

Partial Summary Judgment (DE 41).  The Court denied Plaintiff's Motion for Partial Summary Judgment and granted Defendant's Motion for Summary Judgment (DE 64). Accordingly, Final Judgment was entered in favor of Defendant and against Plaintiff on September 5, 2019 (DE 65).  Defendant now moves to recover costs of $11,216.41 (DE 69).

## II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Rule creates a strong presumption in favor of awarding costs to a prevailing party.  Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001); Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000).  Although Rule 54 gives a court discretion to deny costs, that discretion is "not unfettered."  Id. at 1039.  "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so."  Id.

Here, having obtained judgment in its favor on all of Plaintiff's claims, Defendant is clearly the prevailing party and, thus, entitled to costs.  See Head v. Medford, 62 F.3d 351, 354 (11th Cir.1995) ("Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d).").  Title 28 U.S.C. § 1920 sets forth the particular items that may be taxed as costs as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of the court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Although the decision to award costs is discretionary with the court, it may only tax those items specifically enumerated in § 1920, absent alternative statutory authority.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).  "[T]he losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party."   DuChateau v. Camp Dresser & McKee, Inc., 2012 WL 1069166, at *1 (S.D. Fla. Mar. 29, 2012) (Rosenbaum, M.J.).  Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them."  Ferguson v. North Broward Hosp. Dist., 2011 WL 3583754, at *3 (S.D. Fla.  2011) (Cohn, J.) (quoting Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000)).

## III.  **ANALYSIS**

Defendant's Motion for Costs seeks to tax costs of $11,216.41 in the following categories: (1) Fees for Transcripts; (2) Fees for Printing; (3) Fees for Copies; (4) Fees for Service of Summons and Subpoenas; (5) Witness Fees; (6) Compensation of Interpreter; and (7) Interest.  The Court addresses each in turn.

## A. __Fees for Transcripts__

Defendant seeks reimbursement of $3,710.45 for the costs of the deposition transcripts and court reporter (DE 69-2 at 2). Under 28 U.S.C. § 1920(2), the prevailing party may be awarded costs for the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Of this amount, Plaintiff contests: (1) $285 in reporter attendance fees; (2) $280 for PDF/ASCII/condensed transcripts; (3) $154 for an immediate rough draft of a deposition; and (4) $34.75 for exhibit scans (DE 70 at 1-2). Defendant agrees to reduce the amount sought by $280 for the condensed transcripts and $34.73[1] [sic] for the exhibits attached to deposition transcripts (DE 71 at 2). Accordingly, the Court does not address these amounts. Defendant counters, however, that the $285 for the court reporter appearance fees was necessary and directly related to preparing the transcript. __Id.__ at 1-2. The Court agrees and finds that Defendant is entitled to recover the $285 court reporter appearance fee. __See__ __Joseph v. Nichell's__ __Caribbean Cuisine, Inc.__, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013) (citations omitted). Defendant also counters that the $154 cost for a rough draft of a deposition transcript was necessary because the deposition of its rebuttal liability expert took place two days following the deposition of Plaintiff's liability expert (DE 71 at 2-3). Due to the short timeframe between the two expert depositions, the Court concludes a rough draft of the first deposition was necessary for Defendant to prepare its defense; therefore, the cost is recoverable. __See__ __Procaps v. Patheon Inc.__, 2016 WL 411017 at *3 (S.D. Fla. Feb.

---

[1] Defendant misstates the amount as $34.73 in its Reply; the correct amount is $34.75 (DE 71 at 2; DE 69-3 at 3, 7, and 9).

2, 2016) (citations omitted).  Accordingly, Defendant is entitled to recover $3,395.70 in transcript costs ($3,710.45 less agreed reductions of ($280) and ($34.75)).

### B. Fees for Printing

Defendant seeks to tax the cost of $383.80 for printing (DE 69-2 at 2; DE 69-4 at 2).  Costs for fees and disbursements for printing may be awarded to a prevailing party. 28 U.S.C. § 1920(3).  Plaintiff does not dispute the taxation of these costs nor the amount requested. Therefore, the Court grants the recovery of $383.80 for printing costs.

### C. Fees for Copies

Defendant seeks to tax costs of $1,094.66 for copies of Plaintiff's medical records. "Although the costs of photocopies that were necessarily obtained for use in the case are taxable, the prevailing party bears the burden of proving that the copies were necessary." Zunde v. Int'l Paper Co., 2000 WL 1763843, at *6 (M.D. Fla. July 20, 2000). In doing so, the prevailing party must provide the court with sufficient information to determine the purpose of the copies, whether the copies pertain to the action at issue, and whether the rates paid for the copies were reasonable.  Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).

Plaintiff disputes the following itemizations as unnecessary within the request for copy fees: (1) $30 for search fees; (2) $44.90 for postage/handling fees; (3) $15.10 for signature/certification fees; (4) a $1 basic fee ($1); and (5) $50 for disc/software fees (DE 70 at 2-3). Defendant agrees to reduce the amount sought by the contested amount, reducing Defendant's requested copy costs from $1,094.66 to $953.66 (DE 71 at 3). Plaintiff also argues that the costs of copying the medical records are not recoverable based on Defendant choosing to pay for paper records instead of less expensive

electronic copies.  Id.  Defendant counters that it did request digital copies whenever possible and that Plaintiff objected to the disc and software fees discussed above that Defendant incurred obtaining records electronically (DE 71 at 4).  Documented costs for copies of medical records are taxable.  See Crisp v. Islamorada Partners, LLC, 2012 WL 13015036, at *7 (S.D. Fla. Sept. 10, 2012), report and recommendation adopted sub nom. Crisp v. Islamorada Partner, LLC, 2012 WL 13015037 (S.D. Fla. Sept. 25, 2012). Because Defendant has documented the costs it expended for obtaining copies of medical records that were necessarily used in this case, the Court finds they are recoverable.  Accordingly, the Court concludes that Defendant is entitled to the $953.66 it seeks to tax for copies of medical records.

### D. Fees for Service of Summons and Subpoenas

Defendant seeks to tax costs of $3,815.00 for the service of forty-six (46) subpoenas (DE 69-2; DE 69-6).  "Fees of the clerk and marshal" may be taxed as costs. 28 U.S.C. § 1920(1).  These include fees for serving a witness subpoena.  28 U.S.C. § 1921(a)(1)(b).  Private process server fees are taxable, "provided the rate charged does not exceed the cost of having a U.S. Marshall effect service."  EEOC v. W & O, Inc., 213 F. 3d 600, 624 (11th Cir. 2000).

Plaintiff objects to the service costs for the subpoenas either on the basis that they were unnecessary or that Defendant should have requested Plaintiff to sign a release to obtain records instead of issuing a subpoena for these records (DE 70 at 3).  Defendant counters that the records obtained by subpoena were necessary in this case and that the proper means of obtaining admissible records is by subpoena (DE 72 at 4-5).  The Court agrees and finds that the costs for service of the subpoenas are taxable.  "[T]he costs[,]

[however,] of a private process server are taxable [only] to the extent they do not exceed the current U.S Marshal Service rate."  Davis v. Cruise Operator, Inc., No. 16-CV-62391, 2017 WL 4347031, at *2 (S.D. Fla. Sept. 29, 2017) (citing EEOC v. W & O, Inc., 213 F. 3d 600, 624 (11th Cir. 2000).  The current rate for service by the U.S. Marshall is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.114(2)(3).  Here, the cost of service for all but one of the subpoenas exceeds the statutory limit, and Defendant has not submitted any documentation to support travel costs or out of pocket expenses beyond the $65 hourly rate.  Therefore, the court reduces the fees for service of forty-five (45) of the subpoenas to the $65 hourly rate and additionally grants recovery of the $40 cost for service of a subpoena to Drawbridge Services in Broward, Florida on June 20, 2019 (DE 69-6 at 36). In total, the Court finds that Defendant's recoverable costs for service of subpoenas are $2,965 ($65 x 45 plus $40).

### E.  Witness Fees

The parties agree to reduce Defendant's request for $1,200 in witness fees to $40 for the deposition of Dr. Vaghar (DE 70 at 4; DE 71 at 6).  While witness fees are taxable costs, 28 U.S.C. § 1821 limits the payment for witness fees to $40 per day for either trial or deposition.  Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1363 (S.D. Fla. 2008) (citations omitted).  Therefore, the undersigned concludes Defendant is entitled to recover $40 in witness fees for the deposition of Dr. Vaghar.

### F.  Compensation of Interpreter

Defendant seeks to tax $1,012.50 for the compensation of a Tagalog interpreter (DE 69 at 4; DE 71 at 6-7).  Plaintiff argues that Defendant's decision to hire such an interpreter was unreasonable because at Defendant's request, Plaintiff had already provided a Tagalog interpreter (DE 70 at 4).  Defendant asserts that the second interpreter was necessary to ensure Plaintiff's interpreter was interpreting correctly (DE 71 at 6).  Also, Defendant notes that its own interpreter had stopped a deposition to point out that Plaintiff's interpreter was incorrectly interpreting.  Id.  The Court agrees that Defendant is entitled to recover costs for an independent (check) interpreter.  In re: Takata Airbag Prod. Liab. Litig., 2016 WL 5844311, at *5 (S.D. Fla. Sept. 8, 2016), report and recommendation adopted sub nom. In re Takata Airbag Prod. Liab. Litig., 2016 WL 5844338 (S.D. Fla. Sept. 21, 2016).  Therefore, the Court concludes that Defendant is entitled to recover $1,012.50 for compensation of its own interpreter.

### G.  Interest

Defendant seeks interest on the costs awarded by the Court.  "When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."  Bank Atlantic v. Blythe Eastman Paine Webber, Inc., 12 F. 3d 1045, 1052 (11th Cir. 1994).  The post judgment interest rate is determined by "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  On the week ending August 30, 2019 (the week

preceding the date of judgment), this interest rate was 1.75%.[2]  Therefore, the costs awarded to Defendants shall bear interest from September 5, 2019, at a rate of 1.75%.

## IV.   CONCLUSION

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the Defendant, MSC Cruises, S.A.'s Motion for Costs (DE 69) be and the same is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court grants the following costs:

(1) Fees for Transcripts of $3,395.70;

(2) Fees for Printing of $383.80;

(3) Fees for Copies of $953.66;

(4) Fees for Service of Summons and Subpoenas of $2,965;

(5) Witness Fees of $40;

(6) Compensation of Interpreter of $1,012.50; and

(7) Interest on total taxable costs of $8,750.66 from September 5, 2019, at a rate of 1.75%.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of November 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies to counsel of record via CM/ECF

---

[2] *Economic Research*, FEDERAL RESERVE BANK OF ST. LOUIS, https://fred.stlouisfed.org/series/WGS1YR.